United States District Court
Southern District of Texas

**ENTERED**

November 08, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANK GRANDE, SUZAN GRANDE, and §
CJ PROPERTIES                     §
                                  §
        Plaintiffs,               §
                                  §
v.                                §    Civil Action No. H-21-3287
                                  §
KNAUF GIPS KG AND KNAUF NEW       §
BUILDING SYSTEM (TIANJIN) CO.     §
LTD. (f/k/a KNAUF PLASTERBOARD    §
(TIANJIN) CO., LTD.),             §
                                  §
        Defendants.               §

MEMORANDUM AND ORDER

Pending is Defendants' Motion for Summary Judgment (Document No. 75-2) ("Motion"). After considering the parties' submissions and applicable law, the Court orders as follows.

I.    Background

This is a defective drywall case that came to this Court after pretrial proceedings were conducted in MDL 2047, In Re: Chinese-Manufactured Drywall Products Liability.[1]   In October 2017, Plaintiffs discovered that drywall manufactured and sold by Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. (f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.) had been

---

[1] *See* Document No. 66 (discussing the procedural history).

used in construction of an investment property they purchased "AS IS" in a foreclosure sale in January 2016.[2]  According to Plaintiffs, the drywall used in building the home a decade earlier was defectively designed, manufactured, and sold by Defendants.[3] Components in the drywall would react, break down, and release sulfur compounds and other noxious gasses.[4]

In 2018, Plaintiffs joined an Alabama lawsuit against Defendants.[5]  Plaintiffs' case, alleging negligence, strict liability, breach of warranty, nuisance, and unjust enrichment, and violation of the Texas Deceptive Trade Practices Act was severed and transferred to this Court for trial.[6]  Plaintiffs have never lived in the home, and the property is unoccupied.[7] Nonetheless, Plaintiffs claim, among other things, $225,000 in damages for the loss of the use and enjoyment of a home they never

---

[2] Document No. 75-5, Document No. 75-4, Exhibit 2, Grande Deposition at 15:4—16:5, 20:8, 29:20-30:1; Exhibit 3, Supplemental Plaintiff Profile Form at CM/ECF pages 2 and 11 of 19.

[3] Document No. 49, Sixth Amended Complaint at ¶¶ 12, 17, 27; Document No. 75-4, Exhibit 2, Grande Deposition at 48:8-19.

[4] Id.

[5] See, e.g., E.D. La., No. 2:09-md-0247, Doc. 21334, Fifth Amended Complaint and Exhibit A.

[6] Document No. 49, Sixth Amended Complaint at ¶¶ 23-92.

[7] Document No. 75-4, Exhibit 2, Grande Deposition at 29:3-30:23; Document No. 80-2, Exhibit B, Plaintiff Profile Form.

intended to occupy, but rather intended to flip and sell.[8]
Plaintiffs also claim a $220,000 diminution in property value, a
diminution greatly exceeding their $156,000 "AS IS" purchase
price.[9]

Although the MDL Court denied Defendants' Motion for Summary
Judgment, this Court granted Defendants' request to file the
instant motion for summary judgment limited to three issues to be
decided under Texas law, namely, "(i) rights of Plaintiffs as
subsequent purchasers; (ii) the Texas Deceptive Trade Practices
Act; and (iii) whether Defendants may be subject to punitive
damages under Texas law."[10]

## II.  Standard

Under Rule 56, "[t]he court shall grant summary judgment if
the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter
of law."  FED. R. CIV. P. 56(a).  The party moving for summary
judgment "always bears the initial responsibility of informing the
district court of the basis for its motion, and identifying those

---

[8] Document No. 49, Sixth Amended Complaint at ¶¶ 20-21;
Document No. 75-4, Exhibit 2, Grande Deposition at 29:3-30:23;
Document No. 75-5, Exhibit 3, Supplemental Plaintiff Profile Form
at CM/ECF page 6 of 19.

[9] Id.

[10] Document No. 68.

portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986) (quotation marks omitted).  The movant meets its initial burden by demonstrating "the absence of a genuine issue of material fact" and that it is entitled to judgment as a matter of law.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting Celotex, 106 S. Ct. at 2553).

Once the movant carries this burden, the burden shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Id. (citing Celotex, 106 S. Ct. at 2553-54).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1).  The court must consider the cited materials but may also consider other materials in the record.  FED. R. CIV. P. 56(c)(3).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."  Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted);

4

*see also* <u>Malacara v. Garber</u>, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." (citing cases)).

## III. <u>Discussion</u>

A.   Subsequent Purchaser Claim

Defendants' legal argument is that Plaintiffs' claims for damages to their property "are barred because the damage to the property occurred before they acquired ownership of the property."[11]  It is Defendants' contention that because Plaintiffs did not receive an "express assignment of rights from the predecessor-in-interest who owned the property at the time it was damaged, . . . they have no right of action to sue for property damage caused by the allegedly defective drywall installed before they purchased the property."[12]  It is correct that "[t]he right to sue is a personal right that belongs to the person who owns the property at the time of the injury[.]" <u>Exxon Corp. v. Emerald Oil & Gas Co.</u>, 331 S.W.3d 419, 424 (Tex. 2010) (citation omitted). That "right to sue does not pass to a subsequent purchaser of the

---

[11] Document No. 75-2, Motion at 3.

[12] <u>Id.</u> at 5.

Case 4:21-cv-03287  Document 83  Filed on 11/08/22 in TXSD  Page 6 of 14

property unless there is an express assignment of the cause of action." Id. Thus, absent an express assignment, subsequent purchasers do not have standing to recover for a legal injury to the property that occurred before purchase. Id.

The determinative question thus becomes *when did legal injury* to the property occur, *i.e.*, before or after Plaintiffs purchased the property? Defendants' Motion assumes the legal injury was inflicted when the "allegedly defective drywall [was] installed[.]"[13] But that is not established in the case file and Defendants have not shown that the answer does not involve a genuine issue of material fact. A legal injury "is neither the breach of a duty that gives rise to liability for the legal injury nor the damages that may be awarded as compensation for the legal injury." Crosstex N. Tex. Pipeline, L.P. v. Gardiner, 505 S.W.3d 580, 594 (Tex. 2016) (citation omitted). Legal injury to land may arise long after the tortious act is committed. *See, e.g.*, Ranchero Esperanza, Ltd. v. Marathon Oil Co., 488 S.W.3d 354, 360 (Tex. App.--El Paso 2015, no pet.) (held, subsequent purchaser had standing to sue oil company for recovery of damages when oil well, plugged and abandoned 16 years before plaintiff purchased the land, began leaking salt water onto the surface of the land four years after the plaintiff purchased it. "[B]efore a cause of action

---

[13] Id.

accrues there must be--at a minimum--some injury, 'be the damage however slight.' . . . [T]here can be a delay between the wrongful act and the first resulting injury and any cause of action does not accrue until the first injury occurs." (citing cases)); Haire v. Nathan Watson Co., 221 S.W.3d 293, 297-98 (Tex. App.--Fort Worth 2007, no pet.) (although denied relief on other grounds, plaintiffs had standing to sue for structural problems that did not begin until several months after they purchased their home from an intermediate owner); cf. Exxon Corp., 331 S.W.3d at 424-25 (citing Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d 561, 562-63 (Tex. 1936) as "holding that a cause of action for damages to property resulting from a permanent nuisance accrues to the owner of the land at the time the injury begins to affect the land").

As observed above, a movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 106 S. Ct. at 2553. Defendants have failed to do so. To the extent they argue that a subsequent purchaser of property does not have standing to sue without an assignment of rights when the legal injury is not shown to have occurred before the subsequent purchaser bought the property, they are wrong on Texas law. To

7

the extent they argue that the legal injury arose upon installation of the defective drywall or before Plaintiffs purchased the property, on this issue they have not demonstrated from the case filings and record "the absence of a genuine issue of material fact." Celotex, 106 S. Ct. at 2553. Either way, Defendants have not made the requisite initial showing to obtain summary judgment as a matter of law.

B.    The "AS IS" Defense

Pushing beyond the three limited legal issues that they successfully requested leave of Court to raise in a motion for summary judgment, Defendants also argue that the "AS IS" provision in the Substitute Trustee's Deed bars Plaintiffs' recovery. Defendants are neither parties to the deed, nor third party beneficiaries.    They likewise are not in privity with the substitute trustee. Nonetheless, Defendants rely upon the deed's "AS IS" provision to argue that Plaintiffs' claims for damages are barred.

Defendants cite no authority to authorize Defendants, who are unrelated product manufacturers and total strangers to the foreclosure deed, to invoke the foreclosure deed's "AS IS" provision to avoid liability for latent product defects, and this Court has found none.    See, e.g., Haire, 221 S.W.3d at 301 (rejecting defendants "as is" defense to a homebuyer's claims where

8

the defendants were not parties to the "as is" sales contract and were not third party beneficiaries); <u>Zbranek Custom Homes, Ltd. v. Allbaugh</u>, No. 03-14-00131-CV, 2015 WL 9436630, at *5 (Tex. App.-- Austin Dec. 23, 2015, pet. denied) (recognizing that an as-is clause in a lease did not foreclose a lessee's cause of action against the manufacturer or builder of the thing leased); *see also* 49 TEX. PRAC., CONTRACT LAW § 10.43.6; *cf.* RESTATEMENT (SECOND) OF TORTS § 496B cmt. d (1965).[14]   The "AS IS" defense, made by a stranger to the deed, fails.

C.   Plaintiffs' Texas DTPA Claim

Defendants next move for summary judgment on Plaintiffs' claim under the Texas Deceptive Trade Practices Act ("DTPA").   The DTPA was created "to protect consumers in consumer transactions." <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644, 649 (Tex. 1996).   To that end, a "defendant's deceptive conduct must occur in connection with a consumer transaction" to be actionable under the DTPA.   <u>Id.</u> Accordingly, Plaintiffs must show that Defendants' deceptive act or practice was committed in connection with Plaintiffs' consumer

---

[14] The sole case cited by Defendants was not a merit-based decision on this issue.   There, the court did not reach the issue of whether a non-party could rely upon an "as is" clause because the issue had not been preserved.   <u>Welwood v. Cypress Creek Estates, Inc.</u>, 205 S.W.3d 722, 729 (Tex. App.--Dallas 2006, no pet.).

transaction, *i.e.*, the purchase of the property. Id. at 649–50, 652.

Plaintiffs identify no deceptive act or practice committed in connection with Plaintiffs' purchase of the property. Instead, Plaintiffs complain that Defendants' deceptive practice induced the *homebuilder* (not Plaintiffs) to purchase and use the product when it constructed the home in 2006.[15] Because the alleged DTPA violation was unrelated to Plaintiffs' foreclosure purchase, Plaintiffs have no cognizable claim under the DTPA. *See, e.g.*, Klein v. Marvin Lumber & Cedar Co., 575 F. App'x 347, 348–49 (5th Cir. 2014) (affirming summary judgment against a subsequent homebuyer on his claims against a window manufacturer where there was no evidence that the manufacturer committed any deceptive act in connection with the subsequent home sale; the subsequent homebuyer identified no manufacturer representation he relied upon in deciding to buy the house from the seller); Todd v. Perry Homes, 156 S.W.3d 919, 922 (Tex. App.--Dallas 2005, no pet.) (affirming judgment for a homebuilder on a subsequent purchaser's DTPA claim because there was no evidence that the builder was connected to that subsequent purchase, no evidence that any representation by the builder reached the subsequent purchaser, and no evidence that

---

[15] Document No. 80 at 8–9 ("Plaintiffs' homebuilder was induced to purchase Defendants' drywall product and use that product based entirely upon this deceptive act.").

the builder benefited from the subsequent transaction); *see also*
PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship, 146
S.W.3d 79, 89, 91 (Tex. 2004); Amstadt, 919 S.W.2d at 649-52. [16]
Defendants are entitled to summary judgment on Plaintiffs' DTPA
claim. *See* id.

D.   Plaintiffs' Punitive Damage Claim

    Defendants further move for summary judgment on Plaintiffs'
claim for punitive damages.    In Texas, punitive damages are
classified as "exemplary damages." TEX. CIV. PRAC. & REM. CODE ANN.
§ 41.001(5). Generally, "exemplary damages may be awarded only if
the claimant proves by clear and convincing evidence that the harm
with respect to which the claimant seeks recovery of exemplary
damages results from: (1) fraud; (2) malice; or (3) gross

---

[16] Notably, Plaintiffs are not "consumers" under the DTPA in
purchase of property in a foreclosure sale. *See* Document No. 75-
5, Exhibit 3, Supplemental Plaintiff Profile Form at CM/ECF page
11 of 19) (Substitute Trustee's Deed conveying the "property to
the purchaser at the purchaser's own risk, pursuant to the terms
of Texas Property Code §§ 51.002 and 51.009"); TEX. PROP. CODE ANN.
§ 51.009 ("A purchaser at a sale of real property under Section
51.002: (1) acquires the foreclosed property 'as is' without any
expressed or implied warranties, except as to warranties of title,
and at the purchaser's own risk; and (2) is not a consumer."); 
1 TEX. PRAC. GUIDE REAL ESTATE LITIG. § 4:143 ("A purchaser at a
nonjudicial foreclosure sale under Texas Property Code § 51.002 is
not a consumer" under the DTPA and has no DTPA claim). Plaintiffs'
DTPA claim would fail for this additional reason.

negligence." Id. § 41.003(a).[17] "Malice" is defined as the "specific intent by the defendant to cause substantial injury or harm to the claimant." Id. § 41.001(7). "Gross negligence" is defined as an act or omission:

(A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Id. § 41.001(11).

There are no allegations of fraud, malice, or gross negligence in Plaintiffs' Sixth Amended Complaint, and their response offers no argument as to how their meager evidence could support an award of exemplary damages under controlling Texas law. Plaintiffs attach a 2006 email recognizing that a problem with drywall had arisen in the United States, but there is no evidence that Defendants knew at that time that there was a problem with their drywall.[18] The email states: "Salomon is sure the problem is not Knauf drywall[.]"[19] A subsequent email asks for ideas on how to

---

[17] Plaintiffs have identified no applicable statutory exception and have made no argument as to why they are exempt from proving fraud, malice, or gross negligence as a predicate for obtaining a punitive damages award.

[18] Document No. 80-3, Exhibit C.

[19] Id.

12

resolve concerns and states that it "looks like it is going to get VERY nasty and expensive."[20]   These two emails are insufficient to raise a genuine issue of material fact on fraud, malice, or gross negligence.     Defendants   are   entitled   to   summary   judgment   on Plaintiffs' punitive damages claim.

## IV.   Order

For the foregoing reasons, it is

ORDERED   that   Defendants'   Motion   for   Summary   Judgment (Document No. 75-2) is GRANTED on Plaintiffs' Texas Deceptive Trade Practices Act claim and Plaintiffs' claim for punitive damages, and Plaintiffs shall take nothing on these claims.   Defendants' Motion for Summary Judgment is otherwise DENIED.

---

[20] Id.   Plaintiffs also attach a business journal article in support of their claim, but the Court agrees that the article is inadmissible hearsay.     Plaintiffs make no argument otherwise. Defendants' objection to Plaintiffs' Exhibit D is sustained.   See James v. Tex. Collin Cnty., 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay.").

13

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 8TH day of November, 2022.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE